IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALBERTA OMAR BOULKHOUATEM, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:17-cv-00893 |
| THE NIELSEN COMPANY (US), LLC, D/B/A NIELSEN COMPANY, and ANDREW GLAZIER, | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, Defendants The Nielsen Company (US), LLC, d/b/a Nielsen Company, and Andrew Glazier file this Notice of Removal of the case styled *Alberta Omar Boulkhouatem v. The Nielsen Company (US), LLC, d/b/a Nielsen Company, et al.*, Case No. 1716-CV21227 from the Circuit Court of Jackson County, Missouri, at Kansas City, in which it is now pending (hereafter, the "State Court Action"), to the United States District Court for the Western District of Missouri, Western Division. In support of this Notice of Removal, Defendants state the following:

1. On August 25, 2017, Plaintiff Alberta Omar Boulkhouatem ("Plaintiff") filed her Petition in the Circuit Court of Jackson County, Missouri, at Kansas City, asserting claims for race and sex discrimination and retaliation in employment under the Missouri Human Rights Act. A copy of the Petition (hereafter, "Complaint") is attached hereto as Exhibit A.

2. Defendant The Nielson Company (US), LLC was served with Summons and Complaint on September 21, 2017. Defendant Andrew Glazier was served October 4, 2016.

3. This Notice of Removal is filed within thirty (30) days of the date on which the case became removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1446 as the United States District Court for the Western District of Missouri geographically embraces the state court in Jackson County, Missouri, in which Plaintiff filed her state court action.

5. Removal of this action is proper under 28 U.S.C. § 1441 et seq. because it is within the United States District Court's jurisdiction under 28 U.S.C. § 1332(a) in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

6. For diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.,* 628 F.3d 439, 445 (8th Cir. 2010).

7. For diversity purposes, "the terms 'domicile' and 'citizenship' are synonymous" and mean the State where an individual is physically present and intends to make his or her home indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "The place where a [person] lives is properly taken to be [the] domicile until facts adduced establish the contrary." *Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).

8. Diversity of citizenship exists between Plaintiff and Defendants under 28 U.S.C. § 1332(a).

9. Plaintiff is a resident of the State of Missouri. Ex. A, Complaint, ¶ 1.

10. The citizenship of a limited liability company is determined by the citizenship of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members"); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (same).

11. Defendant The Nielsen Company (US), LLC's sole member is ACNielsen Corporation, which is incorporated in the State of Delaware and has a principal place of business located in the state of New York. *See* Exhibit B, Declaration of Mark Borino, ¶ 4. Thus, The Nielsen Company (US), LLC, with ACNielsen Corporation as its sole member, is a citizen of both Delaware and New York for diversity purposes. 28 U.S.C. § 1332(c)(1).

12. Defendant Andrew Glazier is a citizen of the state of Kansas. Ex. A, Complaint, ¶ 6.

13. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction requires that the amount in controversy "exceed the sum or value of $75,000.00, exclusive of interest and costs."

14. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The removing party is only required to establish that the jurisdictional amount is met by a mere "preponderance of the evidence." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 349 (8th Cir. 2007). In determining whether the jurisdictional amount in controversy has been met, the question is not whether the damages are greater than $75,000, but whether a fact finder could legally award more than $75,000. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

15. Courts consider compensatory damages and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

16. Plaintiff seeks compensatory and punitive damages, including back pay and other benefits, in addition to attorneys' fees, expert fees and costs. *See* Ex. A, Complaint at each WHEREFORE paragraph.

17. Although the Complaint does not allege a specific amount of damages sought, the amount in controversy clearly exceeds $75,000.

18. Punitive damages under the MHRA are only capped at the greater of $500,000 or five times the award of actual damages. RSMo. § 510.265. If successful, a fact finder might legally conclude that Plaintiff's punitive damages alone would exceed $75,000.

19. Recent jury verdicts and attorneys' fees awards received by plaintiffs for MHRA claims have exceeded $75,000:

- *Diaz v. Autozoners LLC and Autozone, Inc.*, No. 1216-CV28445 (Mo. Cir. Ct. Jackson County, 2014): jury awarded plaintiff $75,000 in actual damages and $2.5 million in punitive damages on her sexual harassment claim;

- *Bashir v. Southwestern Bell Telephone*, No. 1016-CV38690 (Mo. Cir. Ct. Jackson County, 2012): jury awarded plaintiff $120,000 in actual damages and $5 million in punitive damages on her hostile work environment and retaliation claims;

- *Ingraham v. UBS Financial Services, Inc. and Decoder*, No. 0916-CV36471 (Mo. Cir. Ct. Jackson County, 2011): jury awarded plaintiff $592,000 in actual damages and $10 million in punitive damages on her sexual harassment and retaliation claims;

- *Eickhoff v. Union Pac.*, No. 0816-CV20813 (Mo. Cir. Ct. Jackson County, 2009): jury awarded plaintiff $120,000 in compensatory damages and $1.27 million in punitive damages on her sex discrimination and retaliation claims;

- *Lynn v. TNT Logistics, Inc.,* No. 04-CV-216802 (Mo. Cir. Ct. Jackson County, 2006): jury awarded plaintiff $50,000 in compensatory damages and $6.75 million in punitive damages on her sexual harassment claim; and

- *Bryant v. Smith & Boys and Girls Clubs of Kan. City*, No. 04CV235373 (Mo. Cir. Ct. Jackson County, 2006): jury awarded plaintiff $375,000 in

actual damages and $125,000 in punitive damages for her retaliation claim.

20. In determining the amount in controversy, courts also should consider the plaintiff's claim for attorneys' fees. *See Capitol Indem. Corp.*, 978 F.2d at 438.

21. Plaintiff's claim for attorneys' fees alone allows the fact finder to reasonably conclude that Plaintiff's damages claim exceeds $75,000. Recent fee awards in Missouri state court in employment cases with a single plaintiff include:

- *Bowolak v. Mercy East Communities*, 452 S.W.3d 688 (Mo. Ct. App. E.D. 2014) (affirming fee award of $81,500);

- *DeWalt v. Davidson Surface Air*, 449 S.W.3d 401 (Mo. Ct. App. E.D. 2014) (reversing trial court's reduction of fee award, awarding approximately $130,000 in attorney's fees); and

- *Tate v. Autozoners, L.L.C.*, 363 S.W.179 (Mo. Ct. App. S.D. 2012) (affirming fee award of $126,000).

22. Considering the *combination* of Plaintiff's potential claims for compensatory and punitive damages, as well as attorneys' fees and costs, it is clear that a fact finder could legally conclude that Plaintiff's damages exceed $75,000, exclusive of interest and costs. Accordingly, Defendants have demonstrated that this matter meets the amount in controversy requirement for removal of this action.

23. A copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Jackson County, Missouri, and served upon counsel for Plaintiff.

24. Attached to this Notice of Removal as Exhibit A are true and correct copies of all process, pleadings and orders served upon Defendants in the State Court Action.

WHEREFORE**,** Defendants The Nielsen Company (US), LLC, d/b/a Nielsen Company, and Andrew Glazier respectfully remove this case from the Circuit Court of Jackson County, Missouri, to this Court for all further proceedings, as provided by law and that, pursuant to

28 U.S.C. § 1446, the Circuit Court of Jackson County, Missouri proceed no further unless and until such further Order of this Court.

Respectfully submitted,

/s/ Sara K. McCallum
Jeannie M. DeVeney, MO #46885
Sara K. McCallum, MO #67473
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
jdeveney@littler.com
smccallum@littler.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and further certify that I have mailed by U.S. Mail, first-class postage prepaid, the document to the following counsel of record:

Brian T. Noland
JAMES & NOLAND, LLC
117 West 20th Street, Suite 201
Kansas City, MO 64108
brian@jamesandnoland.com

Michael A. Williams
WILLIAMS DIRKS DAMERON LLC
1100 Main Street, Suite 2600
Kansas City, MO 64105
mwilliams@williamsdirks.com

ATTORNEYS FOR PLAINTIFF

/s/ Sara K. McCallum
Attorney for Defendants

Firmwide:150318045.1 048626.1031