IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALBERTA OMAR BOULKHOUATEM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17-00893-CV-W-DGK |
| ) | |
| THE NIELSEN COMPANY (US), LLC, ) | |
| D/B/A NIELSEN COMPANY, and ) | |
| ANDREW GLAZIER, ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANTS

Defendants The Nielsen Company (US), LLC d/b/a Nielsen Company ("Nielsen") and Andrew Glazier, by and through their attorneys of record, for their Answer to Plaintiff Alberta Omar Boulkhouatem's Petition, state as follows:

## THE PARTIES

1. Plaintiff Alberta Omara Boulkhouatem is a resident of Kansas City, Jackson County, Missouri.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore deny the same.

2. Plaintiff is a former employee of Defendant The Nielsen Company (US), LLC d/b/a Nielsen Company who was terminated after she complained of unlawful discrimination and harassment in the workplace.

**ANSWER:** Defendants admit Plaintiff was employed by Defendant Nielsen from January 5, 2016 until her termination on August 12, 2016. Defendants deny the remaining allegations and implications in Paragraph 2.

3. Plaintiff is an African-American female.

**ANSWER:** Admitted.

4. Defendant Nielsen is a Delaware for-profit corporation registered to conduct business in Missouri.

**ANSWER:** Defendants admit the sole member of Defendant Nielsen is ACNielsen Corporation, a corporation organized under the laws of Delaware, and that Defendant Nielsen is registered to conduct business in Missouri. Defendants deny the remaining allegations and implications in Paragraph 4.

5. Defendant Nielsen has in excess of 6 employees and is an employer within the meaning of the Missouri Human Rights Act ("MHRA").

**ANSWER:** Admitted.

6. On information and belief, Defendant Andrew Glazier is a Kansas resident.

**ANSWER:** Admitted.

7. Andrew Glazier was, at all times relevant as alleged herein, employed by Defendant Nielsen.

**ANSWER:** Admitted.

8. Defendant Glazier was, at all times relevant as alleged herein, employed as a manager of Defendant Nielsen and was one of Plaintiff's supervisors.

**ANSWER:** Defendants admit Mr. Glazier is a manager for Defendant Nielsen and was Plaintiff's immediate supervisor beginning in May 2016 until her termination on August 12, 2016. Defendants deny all remaining allegations of Paragraph 8.

9. Defendant Glazier is an employer within the meaning of the MHRA because he is a managerial-level employee who acts in the interest of Defendant Nielsen.

**ANSWER:** Denied.

## JURISDICTION AND VENUE

10. Plaintiff brought this action against Defendants pursuant to the MHRA because Defendants discriminated against and harassed her based on her race and sex and retaliated against her for requesting that the workplace be free of discrimination.

**ANSWER:** Defendants admit Plaintiff purports to bring claims under the MHRA but deny Plaintiff is entitled to any relief under the MHRA or for any other cause of action. Defendants deny all remaining allegations and implications of Paragraph 10.

11. Jurisdiction and venue are proper in Jackson County, Missouri pursuant to Mo.Rev.Stat. § 213.111.1 because the unlawful discriminatory practices occurred there.

**ANSWER:** Defendants admit jurisdiction and venue are proper in this Court. Defendants deny all remaining allegations and implications of Paragraph 11.

12. On or about October 28, 2016, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") based on her claims of sex and race discrimination, harassment (including a hostile work environment), and retaliation.

**ANSWER:** The allegations in Paragraph 12 refer to documents, which speak for themselves. To the extent a response is required, Defendants admit Plaintiff attached a Charge of Discrimination as Exhibit A to Plaintiff's Petition, and further admit the charge speaks for itself. Defendants deny all remaining allegations and implications in Paragraph 12.

13. The matter was assigned MCHR Charge No. E-10/16-47396 (A copy of the MCHR Charge is attached as Exhibit A).

**ANSWER:** Defendants admit Plaintiff attached a Charge of Discrimination as Exhibit A to Plaintiff's Petition, and further admit the charge speaks for itself. Defendants deny all remaining allegations and implications in Paragraph 13.

14. On or about August 23, 2017, the MCHR issued Plaintiff a Right to Sue letter ("RTS"). (A copy of the RTS is attached as Exhibit B).

**ANSWER:** Defendants admit Plaintiff attached a Notice of Right to Sue as Exhibit B to Plaintiff's Petition, and further admit the document speaks for itself. Defendants deny all remaining allegations and implications in Paragraph 14.

15. Plaintiff has exhausted her administrative remedies against Defendants regarding her claims of race and sex discrimination, harassment (including a hostile work environment), and retaliation.

**ANSWER:** Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Plaintiff properly exhausted all administrative remedies.

## GENERAL ALLEGATIONS

16. On or around January 2016, Plaintiff began working for Defendant Nielsen as a Field Representative.

**ANSWER:** Admitted.

17. On or around August 12, 2016, Defendant Nielsen terminated Plaintiff for allegedly working unapproved overtime and for failing to attend a meeting.

**ANSWER:** Defendants admit Nielsen terminated Plaintiff's employment on August 12, 2016 in part because she worked unapproved overtime. Defendants deny all remaining allegations and implications in Paragraph 17.

18. Plaintiff complained to Defendant Nielsen's HR about Defendant Glazier's mistreatment of Plaintiff before Plaintiff was terminated on August 12, 2016.

**ANSWER:** Defendants admit Plaintiff complained to HR about Mr. Glazier before she was terminated. Defendants deny all remaining allegations and implications in Paragraph 18.

19. Defendant Glazier yelled and screamed at Plaintiff, even disciplining and shaming her in front of her co-workers and customers.

**ANSWER:** Denied.

20. On information and belief, Defendant Nielsen did not enforce its overtime policies against similarly situated male employees as it enforced this policy against Plaintiff.

**ANSWER:** Denied.

21. On information and belief, Defendant Nielsen did not enforce its overtime policies against similarly situated Caucasian employees as it enforced this policy against Plaintiff.

**ANSWER:** Denied.

22. Defendant Glazier made Plaintiff stop everything and drive to him to personally hand him receipts or reimbursements at random, inconsistent times and in inappropriate manners.

**ANSWER:** Denied.

23. Defendant Glazier regularly sent text messages to Plaintiff at all hours of the day.

**ANSWER:** Defendants admit Mr. Glazier regularly sent text messages to Plaintiff. Defendants deny all remaining allegations and implications in Paragraph 23.

24. Defendant Glazier sent text messages to Plaintiff at times like 3:00 am.

**ANSWER:** Defendants admit Mr. Glazier sent one text message to Plaintiff that was transmitted at 3:43 a.m. and was in response to multiple text messages from Plaintiff. Defendants deny all remaining allegations and implications in Paragraph 24.

25. Defendant Glazier regularly requested personal information about Plaintiff.

**ANSWER:** Denied.

26. Defendant Glazier screamed at Plaintiff.

**ANSWER:** Denied.

27. Plaintiff felt uncomfortable, unsafe, and perturbed by Defendant Glazier's aggressive conduct against her.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to how Plaintiff felt and accordingly deny the allegations of Paragraph 27.

28. Plaintiff told Defendant Nielsen's management and HR Representatives about how Glazier's treatment made her feel.

**ANSWER:** Defendants admit Plaintiff discussed her complaints about Mr. Glazier with a Nielsen HR representative. Defendants deny all remaining allegations and implications in Paragraph 28.

29. On information and belief, Defendant Glazier did not scream at similarly situated Caucasian employees.

**ANSWER:** Defendants deny Mr. Glazier screamed at any employees. Defendants deny all remaining allegations and implications in Paragraph 29.

30. On information and belief, Defendant Glazier did not regularly text Caucasian employees at times like 3:00 am.

**ANSWER:** Defendants deny Mr. Glazier regularly texted any employees at times like 3:00 a.m. Defendants deny all remaining allegations and implications in Paragraph 30.

31. Defendant Glazier discussed Plaintiff's job performance in front of Plaintiff's customers and with other Nielsen employees.

**ANSWER:** Defendants admit that other employees of Nielsen expressed concerns over Plaintiff's performance to Mr. Glazier. Defendants deny all remaining allegations and implications in Paragraph 31.

32. Defendant Nielsen removed discipline against Plaintiff issued by Defendant Glazier because it was found to be false.

**ANSWER:** Denied.

33. Defendant Glazier aggressively, publically disciplined Plaintiff in front of clients and coworkers such that clients felt uncomfortable and left the room of their own houses.

**ANSWER:** Denied.

34. Defendant Glazier did not treat similarly situated Caucasian employees in and overtly hostile manner.

**ANSWER:** Defendants deny Mr. Glazier treated any employees in an overtly hostile manner. Defendants deny all remaining allegations and implications in Paragraph 34.

35. Defendant Glazier did not treat similarly situated male employees in an overtly hostile manner.

**ANSWER:** Defendants deny Mr. Glazier treated any employees in an overtly hostile manner. Defendants deny all remaining allegations and implications in Paragraph 35.

36. Around May 2016, Plaintiff reported her concerns about Defendant Glazier's treatment of her to Defendant Nielson's HR Representative Amanda Culver, and to Glazier's supervisor Thomas Harden, and reported the same multiple times thereafter.

**ANSWER:** Defendants admit Plaintiff complained about Mr. Glazier to Amanda Culver and to Thomas Harden on multiple occasions beginning in May 2016, but Defendants deny Plaintiff complained of discrimination before the decision to terminate her employment was made. Defendants deny all remaining allegations and implications in Paragraph 36.

37. After Plaintiff reported her concerns about Defendant Glazier, Glazier's treatment against Plaintiff worsened.

**ANSWER:** Denied.

38. Plaintiff was made to feel deeply uncomfortable due to Glazier's aggressive, overtly hostile, and aggressive, frequent communications.

**ANSWER:** Denied.

39. After complaining to Defendant Nielson's HR about Defendant Glazier's conduct against Plaintiff and how Plaintiff felt, Plaintiff was terminated on or about August 12, 2016.

**ANSWER:** Defendants admit Plaintiff's employment was terminated on August 12, 2016 and that Plaintiff complained about Mr. Glazier before August 12, 2016. Defendants deny all remaining allegations and implications in Paragraph 39.

### COUNT I – RACE DISCRIMINATION AND HARASSMENT (INCLUDING A HOSTILE WORK ENVIRONMENT) IN VIOLATION OF THE MHRA AGAINST ALL DEFENDANTS

40. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 39 as if fully set forth herein.

8
Case 4:17-cv-00893-DGK   Document 6   Filed 10/25/17   Page 8 of 17

**ANSWER:** Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

41. The acts described above constitute race discrimination and harassment (including a hostile work environment) in violation of the MHRA.

**ANSWER:** Denied.

42. Plaintiff is a member of a protected class by reason of her race, which is African-American.

**ANSWER:** Admitted.

43. Plaintiff was subjected to race discrimination and harassment (including a hostile work environment) by Defendants in the following ways, including, but not limited to: working in an environment where managers were allowed to yell and scream at her, where policies and procedures were enforced inconsistently against Caucasian employees compared with how they were enforced against Plaintiff, and where managers were allowed to call and text Plaintiff at all hours of the day and early morning contrary to company policy and yell and scream at Plaintiff even publicly in front of customers and co-workers while Caucasian employees were not subjected to the same type of hostility and overtly aggressive communications and were given more favorable working conditions.

**ANSWER:** Denied.

44. The conduct of which Plaintiff complains was severe and pervasive and affected the terms, conditions, and privileges of her employment.

**ANSWER:** Denied.

45. Plaintiff was subjected to numerous adverse employment actions including, but not limited to, working longer hours, working for less pay, having less desirable work

assignments, receiving less favorable schedules and assignments, having to have managers call and text aggressively and at times beyond the normal working hours including at 3:00 am, being screamed at and being publicly reprimanded, shamed, and yelled at in front of customers and coworkers, being denied similar terms and conditions of employment, on-the-job harassment, and being held to more difficult, stringent standards than similarly situated Caucasian employees, where similar situated Caucasian employees had to endure none of the same treatment as Plaintiff as described herein, ultimately ending in Plaintiff's termination.

**ANSWER:** Denied.

46. Plaintiff's race was a contributing factor in the adverse actions taken against her.

**ANSWER:** Denied.

47. The conduct cited above was adverse and damaging and caused Plaintiff great emotional upset and stress which impacted her daily life.

**ANSWER:** Denied.

48. Defendants' act of discriminating against Plaintiff based on her race constitutes malice or a reckless indifference to Plaintiff's protected rights.

**ANSWER:** Denied.

WHEREFORE, Plaintiff prays for judgment against all Defendants on Count I of her Petition, for a finding that she has been subjected to unlawful race discrimination and harassment (including a hostile work environment) prohibited by the MHRA; for an award of back pay and other benefits, including interest; for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and expert fees and expenses, and for such other and further relief the Court deems just and proper.

**ANSWER:** Defendants pray for judgment in their favor on Count I of Plaintiff's Petition, for costs and attorneys' fees, and for any other relief the Court deems just and proper.

## COUNT II – SEX DISCRIMINATION AND HARASSMENT (INCLUDING A HOSTILE WORK ENVIRONMENT) IN VIOLATION OF THE MHRA AGAINST ALL DEFENDANTS

49. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

**ANSWER:** Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

50. The acts described above constitute sex discrimination and harassment (including a hostile work environment) in violation of the MHRA.

**ANSWER:** Defendants deny many of the "acts described above" and deny the remaining allegations and implications of Paragraph 50.

51. Plaintiff is a member of a protected class by reason of her sex, which is female.

**ANSWER:** Admitted.

52. Plaintiff was subjected to sex discrimination and harassment (including a hostile work environment) by Defendants in the following ways, including, but not limited to: working in an environment where managers were allowed to yell and scream at her, where policies and procedures were enforced inconsistently against male employees compared with how they were enforced against Plaintiff, and where managers were allowed to call and text Plaintiff at all hours of the day and early morning contrary to company policy and yell and scream at Plaintiff even publicly in front of customers and co-workers while male employees were not subjected to the same type of hostility and overtly aggressive communications and were given more favorable working conditions.

**ANSWER:** Denied.

53. The conduct of which Plaintiff complains was severe and pervasive and affected the terms, conditions, and privileges of her employment.

**ANSWER:** Denied.

54. Plaintiff was subjected to numerous adverse employment actions including, but not limited to, working longer hours, working for less pay, having less desirable work assignments, receiving less favorable schedules and assignments, having to have managers call and text aggressively and at times beyond the normal working hours including at 3:00 am, being screamed at and being publicly reprimanded, shamed, and yelled at in front of customers and coworkers, being denied similar terms and conditions of employment, on-the-job harassment, and being held to more difficult, stringent standards than similarly situated male employees, where similar situated male employees had to endure none of the same treatment as Plaintiff as described herein, ultimately ending in Plaintiff's termination.

**ANSWER:** Denied.

55. Plaintiff's sex was a contributing factor in the adverse actions taken against her.

**ANSWER:** Denied.

56. The conduct cited above was adverse and damaging and caused Plaintiff great emotional upset and stress which impacted her daily life.

**ANSWER:** Defendants deny much of the "conduct cited above" and deny the remaining allegations and implications of Paragraph 56.

57. Defendants' act of discriminating against Plaintiff based on her sex constitutes malice or a reckless indifference to Plaintiff's protected rights.

**ANSWER:** Denied.

WHEREFORE, Plaintiff prays for judgment against all Defendants on Count II of her Petition, for a finding that he has been subjected to unlawful sex discrimination and harassment (including a hostile work environment) prohibited by the MHRA; for an award of back pay and other benefits, including interest; for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and expert fees and expenses, and for such other and further relief the Court deems just and proper.

**ANSWER:** Defendants pray for judgment in their favor on Count II of Plaintiff's Petition, for costs and attorneys' fees, and for any other relief the Court deems just and proper.

### COUNT III– RETALIATION IN VIOLATION OF THE MHRA
### ALL DEFENDANTS

58. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 57 as if fully set forth herein.

**ANSWER:** Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

59. The acts described above constitute retaliation in violation of the MHRA.

**ANSWER:** Defendants deny many of the "acts described above" and deny the remaining allegations and implications of Paragraph 59.

60. Plaintiff engaged in protected opposition to race and sex discrimination and harassment when she complained internally to Defendants management and HR Representatives about Defendant Glazier's mistreatment of her.

**ANSWER:** Denied.

61. After Plaintiff engaged in protected opposition to discrimination the discrimination and harassment and on-the-job demands actually increased, treatment of her comparably worsened, and the terms and conditions of her employment comparably worsened.

**ANSWER:** Denied.

62. Defendants failed to conduct a proper investigation into Plaintiff's complaints of race and sex discrimination and harassment and failed to stop or otherwise protect Plaintiff from further retaliation.

**ANSWER:** Denied.

63. Plaintiff's complaints cited above contributed to the damaging adverse employment actions that followed.

**ANSWER:** Denied.

64. The retaliatory actions of Defendants caused Plaintiff great emotional upset and stress which impacted her daily life.

**ANSWER:** Denied.

65. Defendants' act of retaliating against Plaintiff for making complaints about race and sex discrimination and harassment constitutes malice or a reckless indifference to her protected rights.

**ANSWER:** Denied.

WHEREFORE, Plaintiff prays for judgment against all Defendants on Count III of her Petition, for a finding that she has been subjected to unlawful retaliation prohibited by the MHRA; for an award of back pay and other benefits, including interest; for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and expert fees and expenses, and for such other and further relief the Court deems just and proper.

**ANSWER:** Defendants pray for judgment in their favor on Count III of Plaintiff's Petition, for costs and attorneys' fees, and for any other relief the Court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendants deny each and every allegation not specifically admitted herein.

2. Plaintiff's Petition fails, in whole or in part, to state a claim upon which relief may be granted.

3. Defendants had legitimate business reasons for their decisions, and would have made the same decisions in the absence of any alleged impermissible motivators.

4. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to engage in reasonable efforts to mitigate her alleged damages by pursuing employment or in the alternative, Defendants are entitled to an offset of damages to the extent that Plaintiff's alleged damages have been mitigated by subsequent income.

5. Plaintiff's claims against Defendants are barred to the extent Plaintiff failed to timely exhaust applicable administrative remedies and other conditions precedent to filing her claim, including her claims of conduct that occurred before August 12, 2016.

6. Plaintiff's claim may be barred, in whole or in part, by the doctrine of after-acquired evidence.

7. To the extent Plaintiff has suffered damages, Defendants were not the proximate cause of such damage.

8. Defendants acted in good faith toward Plaintiff and in compliance with all legal obligations, including adopting and enforcing policies to effectuate same. Accordingly, Plaintiff is not entitled to punitive damages.

9. Plaintiff's claim for punitive damages is contrary to the law and constitutional provisions.

10. Defendants did not act with malice or in reckless disregard of Plaintiff's rights. Thus, she is not entitled to an award of punitive damages.

11. Any award of punitive damages against Defendants would violate Defendants' Due Process rights.

12. Defendants reserve the right to assert additional defenses and affirmative defenses.

WHEREFORE, Defendants respectfully request that Plaintiff's Petition be dismissed in its entirety and that Defendants be awarded their costs, reasonable attorneys' fees, and any other and further relief the Court may deem just and proper.

Respectfully submitted,

/s/ Sara K. McCallum
Jeannie M. DeVeney, MO #46885
Sara K. McCallum, MO #67473
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
jdeveney@littler.com
smccallum@littler.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of October, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification to the following counsel of record:

Brian T. Noland
JAMES & NOLAND, LLC
117 West 20th Street, Suite 201
Kansas City, MO  64108
brian@jamesandnoland.com

Michael A. Williams
WILLIAMS DIRKS DAMERON LLC
1100 Main Street, Suite 2600
Kansas City, MO  64105
mwilliams@williamsdirks.com

ATTORNEYS FOR PLAINTIFF

/s/ Sara K. McCallum
Attorney for Defendants